**WEN JUAN ZHENG, aka, Wenjuan Zheng, Petitioner,**

v.

**Eric H. HOLDER Jr., United States Attorney General,\* Respondent.**

No. 08–2367–ag.

United States Court of Appeals, Second Circuit.

June 2, 2009.

Attorney General Michael B. Mukasey as respondent in this case.

**274**

Gary J. Yerman, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Richard Evans, Assistant Director; Rebecca A. Niburg, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

Present: DENNIS JACOBS, Chief Judge, JON O. NEWMAN and PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Wen Juan Zheng, a native and citizen of the People's Republic of China, seeks review of an April 24, 2008 order of the BIA, which denied her motion to reopen. *In re Wen Juan Zheng*, No. A77 293 080 (B.I.A. Apr. 24, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, although the government contends that we lack jurisdiction to review the BIA's discretionary denial of Zheng's motion to reopen, we assume hypothetical jurisdiction to consider the merits of the petition for review as the jurisdictional issues are complex and the substance of her arguments are plainly without merit. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 338 (2d Cir.2006).

We review the agency's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). Where the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir.2008). We find that the agency did not err in denying Zheng's untimely motion to reopen or in finding her ineligible to file a successive asylum application.

Zheng argues that the BIA erred by relying on its precedential decisions to summarily conclude that she failed to demonstrate material changed country conditions sufficient to excuse the time limitation for filing her motion to reopen. However, this argument fails where we have previously reviewed the BIA's consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions or an objectively reasonable fear of persecution. *See id.* at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so

in summary fashion without a reviewing court presuming that it has abused its discretion"). We further note that the 1988–2007 fine schedule for violations of the family planning policy in the record does not demonstrate a change in country conditions and does not indicate that it is the fine schedule for Zheng's home province.

Similarly, the BIA's determination that Zheng was ineligible to file a successive asylum application was not in error. *See Yuen Jin v. Mukasey,* 538 F.3d 143, 156, 158–59 (2d Cir.2008).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).